IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM TRAVIS DILLON,

       Plaintiff,

   v.

CLACKAMAS COUNTY and
DEPUTY ERIK MCGLOTHIN,
in his individual capacity,

       Defendants.

Case No. 3:25-cv-02017-AB

OPINION & ORDER

David Thomas Wallace
Wallace Law Firm
7822 North Wabash Avenue
Portland, OR 97217

    Attorney for Plaintiff

Shawn A. Lillegren
Clackamas County Counsel
2051 Kaen Rd Ste 2nd Floor
Oregon City, OR 97045

    Attorney for Defendants

1 – OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff William Travis Dillon brings this case against Defendants Clackamas County and Deputy Erik McGlothin. Against Defendant Clackamas County, Plaintiff alleges *Monell* liability under 42 U.S.C. § 1983 and negligence under Oregon law. Compl. ¶¶ 18–21, 23, ECF No. 1. Against Defendant McGlothin in his individual capacity, Plaintiff alleges excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983. *Id.* ¶¶ 15–17. Against both Defendants, Plaintiff alleges battery and intentional infliction of emotional distress ("IIED") under Oregon law. *Id.* ¶¶ 22, 24–25.

Defendants move to dismiss Plaintiff's *Monell* and negligence claims against Defendant Clackamas County and Plaintiff's battery and IIED claims against Defendant McGlothin, for failure to state a claim. Defs.' Mot. Dismiss ("Defs.' MTD"), ECF No. 5. For the following reasons, the Court grants in part and denies in part Defendants' Motion.

## BACKGROUND

On December 15, 2023, Defendant McGlothin, a Clackamas County Deputy, performed a "vehicle stop" of Plaintiff. Compl. ¶¶ 6–7. After "a brief flight and foot pursuit[,]" Plaintiff exited his vehicle with his hands raised. *Id.* ¶ 7. Plaintiff then went prone. *Id.* After Plaintiff went prone, Defendant McGlothin "released his K-9, which mauled Plaintiff for nearly a minute." *Id.* Because Defendant McGlothin recently underwent shoulder surgery, McGlothin had limited strength and did not promptly remove the K-9 from Plaintiff. *Id.* ¶ 8. Plaintiff suffered "vascular injury and severe nerve damage" from the K-9 attack, "requiring emergency transfer and multiple surgeries, including vascular repair and complex nerve transfers . . . ." *Id.* ¶ 1. Plaintiff "continues to experience pain, weakness, sensory loss, and functional limitations" from the K-9 attack. *Id.* ¶ 14.

As a result, Plaintiff filed this Complaint. Plaintiff alleges damages in an amount exceeding $193,167.44 to be proven at trial, including past medical expenses, future care, therapy, loss of earning capacity, pain, suffering, emotional distress, and loss of enjoyment of life. *Id.* ¶¶ 26–27. Plaintiff also seeks punitive damages against Defendant McGlothin on his Fourth Amendment excessive force claim. *Id.* ¶ 27.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct . . . ." *Id*. at 679. A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

///

///

3 – OPINION & ORDER

**DISCUSSION**

Defendants move to dismiss Plaintiff's *Monell* and negligence claims against Defendant Clackamas County and Plaintiff's battery and IIED claims against Defendant McGlothin, for failure to state a claim. Defs.' MTD. Plaintiff opposes Defendants' Motion and asks this Court to deny Defendants' Motion or, in the alternative, grant Plaintiff leave to file an amended complaint. Pl.'s Resp. Defs.' MTD ("Pl.'s Resp.") 2, ECF No. 6. The Court grants in part and denies in part Defendants' Motion to Dismiss. Plaintiff's *Monell* claim and Plaintiff's second and third negligence theories are dismissed with leave to amend. The Court declines to dismiss Plaintiff's first negligence theory and Plaintiff's battery and IIED claims.

**I.**     ***Monell***

Defendants move to dismiss Plaintiff's *Monell* claim against Defendant Clackamas County. Defs.' MTD 3–6. Defendants argue that Plaintiff fails to allege sufficient facts to state a plausible claim for relief. *Id.* at 3; *see also* Defs.' Reply ISO Defs.' MTD ("Defs.' Reply") 1–2, ECF No. 7. The Court agrees with Defendants. Accordingly, the Court dismisses Plaintiff's *Monell* claim with leave to amend.

To establish *Monell* liability, a plaintiff must plausibly allege: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989)). A municipal policy includes "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

At the pleading stage, a plaintiff alleging *Monell* liability "may not simply recite the elements of a cause of action, but must [plead] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* to *Monell* claims). "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

For example, in *Saved Magazine v. Spokane Police Department*, 19 F.4th 1193, 1201 (9th Cir. 2021), the Ninth Circuit considered whether the plaintiffs plausibly alleged a policy, custom, or practice leading to a constitutional violation. There, the plaintiffs alleged that Spokane police officers violated their First Amendment rights when they prevented one of the plaintiffs—"acting as a journalist at a public event"—"from 'engaging in dialogue with a protester' under threat of arrest." *Id.* at 1195. The plaintiffs argued that four facts, taken together, amounted to a policy, custom, or practice under *Monell*:

> (1) Officer Vaughn's threat to arrest [plaintiff] if he caused problems or acted outside his role as a reporter, (2) Officer Doe's actions in telling [plaintiff] what he could not say within the counterprotest zone, (3) the radio log statements that "fake press people" were at the event, and (4) the Assistant City Attorney's silence in response to Plaintiffs asking whether the officers' conduct represented official police department policy.

*Id.* at 1201. The court held these allegations were insufficient to plausibly establish *Monell* liability, reasoning that the plaintiffs' allegations involved an "isolated" and "sporadic" incident and no law supported the plaintiffs' theory that a city's silence about a single incident suggests a city-wide custom. *Id.* (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)).

Similarly, in *Miles v. Clackamas County*, No. 3:23-CV-01805-SB, 2025 WL 305578, at *17 (D. Or. Jan. 27, 2025), the district court considered whether the plaintiffs plausibly alleged

5 – OPINION & ORDER

that the defendant-county had "an unwritten custom and culture of disregarding the civil rights of non-whites . . . ." The plaintiffs only supporting allegations were that a county commissioner made Islamophobic comments and county commissioners eliminated the county's "equity and inclusion office." *Id.* The court held these allegations were insufficient to plausibly establish *Monell* liability, reasoning that the allegations did not suggest a permanent and well-settled practice so "as to constitute a custom or usage with the force of law." *Id.* (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C*, 436 U.S. 658, 691 (1978)).

Here, like the plaintiffs' complaints in *Saved Magazine* and *Miles*, Plaintiff's Complaint fails to plausibly allege the existence of a municipal policy under *Monell*. Plaintiff argues that his allegations support the reasonable inference that Defendant Clackamas County "authorize[s] and train[s] K-9 handlers to release dogs on suspects even after full surrender[,]" the County rubber stamps these types of K-9 deployments despite violating policy, and the County allows deputies who cannot physically control their dogs to operate with them nonetheless. Pl.'s Resp. 3–4. But Plaintiff's allegations are wholly conclusory. *See* Compl. ¶ 19 (alleging that Defendant Clackamas County maintains "policies, customs, or practices—including deficient K-9 deployment, inadequate supervisory review, and failure to ensure handlers are physically capable of controlling dogs—that [are] the moving force behind" Plaintiff's injury); *id.* (further alleging that Defendant Clackamas County "was deliberately indifferent in training/supervising K-9 handlers and permitting" Defendant McGlothin to deploy a dog despite having a compromised shoulder). Plaintiff does not plead factual content that allows the Court to draw the reasonable inference that Defendant Clackamas County maintained a requisite policy for *Monell* liability.

Moreover, Plaintiff's allegations regarding the December 15, 2023 K-9 attack concern an "isolated" and "sporadic" incident; Plaintiff has not alleged facts that support the reasonable

6 – OPINION & ORDER

inference that the attack was "a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918; *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . ."). Nor has Plaintiff alleged facts which support the reasonable inference that Defendant Clackamas County was on notice that its failure to train its deputies caused them to violate citizens' constitutional rights. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011); *see also City of Canton, Ohio*, 489 U.S. at 388 ("[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.").

In sum, Plaintiff's Complaint does not contain sufficient underlying facts to plausibly establish *Monell* liability. *See Starr*, 652 F.3d at 1216. Plaintiff instead simply recites the elements of a *Monell* claim. *See id.* Accordingly, Plaintiff's *Monell* claim against Defendant Clackamas County is dismissed with leave to amend.

## II.   Negligence

Defendants move to dismiss Plaintiff's negligence claim against Defendant Clackamas County. Defs.' MTD 6–7. Defendants argue that Plaintiff's allegations are conclusory and largely based on the same conduct giving rise to Plaintiff's intentional tort and § 1983 claims. *Id.*; *see also* Defs.' Reply 5–6. Plaintiff responds that his negligence claim involves conduct different from his other claims, but, regardless, Plaintiff may plead negligence in the alternative. Pl.'s Resp. 7–10. The Court agrees with Plaintiff that at the pleading stage, he may plead negligence in the alternative to his intentional tort and § 1983 claims. The Court, however, finds that two of Plaintiff's negligence theories are not plausibly alleged. Accordingly, the Court dismisses those theories with leave to amend.

Under Oregon law, a "plaintiff may not allege facts that necessarily would constitute an intentional tort but then assert that he can prevail by proving only negligence." *Kasnick v. Cooke*, 116 Or. App. 580, 583, 842 P.2d 440 (1992); *see also Wagoner v. City of Portland*, No. 3:14-CV-2063-AC, 2017 WL 2369399, at *11 (D. Or. May 31, 2017) ("[I]ntentional conduct . . . cannot support a claim for negligence."). Similarly, a plaintiff may not maintain a negligence claim that is based on the same operative facts as a § 1983 claim. *Dickerson v. City of Portland*, No. 3:19-CV-01126-SB, 2020 WL 7391267, at *9 (D. Or. Dec. 16, 2020) (collecting cases), *aff'd*, No. 20-36121, 2022 WL 824588 (9th Cir. Mar. 18, 2022).

But at the pleading stage, courts in this district have held that plaintiffs may base their negligence claim on the same facts as those underlying their intentional tort and § 1983 claims. *See Rodriguez v. City of Portland*, No. CIV. 09-850-KI, 2009 WL 3518004, at *2 (D. Or. Oct. 21, 2009) ("[A]t the initial pleading stage, Rule 8 permits an allegation of negligence in one count and an allegation of intentional action, based on the same facts, in another."); *id.* ("[A]t the initial pleading stage[,] a plaintiff may base claims of negligence under state law and claims of constitutional violations under 42 U.S.C. § 1983 on the same facts."); *see also K.L. v. Legacy Health*, No. 3:23-CV-1886-SI, 2024 WL 4794657, at *11 (D. Or. Nov. 14, 2024); *Pozos Leon v. Tillamook Cnty. Sch. Dist.*, No. 3:17-440-PK, 2018 WL 2175949, at *12 (D. Or. May 11, 2018); *Lifestyle Ventures, LLC v. Cnty. of Clackamas*, No. 3:15-CV-1291-SB, 2016 WL 11394982, at *5 (D. Or. May 18, 2016).

Accordingly, to the extent Plaintiff's negligence claim against Defendant Clackamas County is based on the same facts as Plaintiff's intentional tort and § 1983 claims, the Court finds that Plaintiff may plead negligence in the alternative. Nevertheless, the Court finds that two of Plaintiff's negligence theories are not plausibly alleged.

8 – OPINION & ORDER

To establish negligence under Oregon law, a plaintiff must plausibly allege that "the defendant's conduct created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff." *Sloan ex rel. Est. of Sloan v. Providence Health Sys.-Or.*, 364 Or. 635, 643, 437 P.3d 1097 (2019).

Here, Plaintiff alleges Defendant Clackamas County was negligent in (1) permitting a weakened deputy to deploy a K-9, (2) "failing to enforce de-escalation/use-of-force policies," and (3) "failing to train/supervise on safe K-9 use." Compl. ¶ 23.

As to Plaintiff's first negligence theory, the Court finds that Plaintiff plausibly alleges a claim for relief: Defendant Clackamas County employed Defendant McGlothin, Compl. ¶ 5; the County was aware of McGlothin's limited strength, *id.* ¶ 8; the County nevertheless allowed McGlothin "to patrol with and deploy a K-9[,]" *id.*; and because McGlothin had limited strength, McGlothin did not promptly remove the K-9 after deployment, causing harm to Plaintiff, *id.* The Court finds these allegations plausibly demonstrate that Defendant Clackamas County's conduct in allowing a weakened deputy to patrol with and deploy a K-9 "created a foreseeable and unreasonable risk of legally cognizable harm to [Plaintiff] and that the conduct in fact caused that kind of harm to [Plaintiff]." *Sloan ex rel. Est. of Sloan*, 364 Or. at 643.

As to Plaintiff's second and third negligence theories, however, the Court finds that Plaintiff does not plausibly allege a claim for relief because Plaintiff fails to allege underlying facts which support the reasonable inference that Defendant Clackamas County is liable for the misconduct alleged. For example, Plaintiff alleges that Defendant Clackamas County was negligent in "failing to enforce de-escalation/use-of-force policies . . . ." Compl. ¶ 23. But Plaintiff does not allege facts to support this allegation other than the December 15, 2023 incident with Plaintiff and Defendant McGlothin. That the incident may have violated "Sheriff's

Office Use-of-Force Policy #39[,]" "de-escalation requirements[,]" and "limits in the Law Enforcement Manual[,]" *id.* ¶ 9, does lead to the reasonable inference that Defendant Clackamas County failed to enforce its policies causing Plaintiff harm on December 15, 2023. For similar reasons, the Court finds that Plaintiff's third negligence theory—that Defendant Clackamas County failed to "train/supervise on safe K-9 use"—does not plausibly state a claim for relief. Plaintiff's allegations are conclusory and do not lead to the reasonable inference that Defendant Clackamas County failed to train and supervise safe K-9 use causing Plaintiff harm on December 15, 2023. Plaintiff must plead more underlying facts about how Defendant Clackamas was negligent under both these theories to state a claim for relief.

In sum, the Court finds that Plaintiff may plead negligence based on the same facts as Plaintiff's intentional tort and § 1983 claims. However, because two of Plaintiff's negligence theories lack sufficient underlying facts, the Court dismisses those theories with leave to amend. Plaintiff first negligence theory is plausibly alleged.

### III.   Battery and IIED

Defendants move to dismiss Plaintiff's battery and IIED claims against Defendant McGlothin. Defs.' MTD 7. Defendants argue that Defendant McGlothin acted in the course and scope of his employment as a public employee; therefore, Plaintiff's claims must be brought against Defendant Clackamas County—the public body. *Id.*; *see also* Defs.' Reply 6. Plaintiff responds that whether Defendant McGlothin acted within the course and scope of his employment as a public employee is fact dependent and should not be resolved on a motion to dismiss. Pl.'s Resp. 10–12. The Court agrees with Defendants that Plaintiff's Complaint alleges Defendant McGlothin acted within the course and scope of his employment as a public

employee. Nevertheless, the Court finds that dismissal of Plaintiff's claims is inappropriate at this stage of the proceedings because Plaintiff does not specify his damages.

Oregon Revised Statute § ("ORS") 30.265(2) provides that "[t]he sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification . . . is an action under" the Oregon Tort Claims Act. ORS 30.265(2). Thus, when a public employee commits tortious conduct within the course and scope of their employment, the only proper claim is against the public body. *See McVay v. Becker*, No. 3:10-CV-1484-AC, 2012 WL 1890374, at *8 (D. Or. Mar. 21, 2012) ("[A]s long as an employee [acts] within the course and scope of his employment at the time the allegedly tortious conduct occur[s], the only proper claim is against the public body itself."), *report and recommendation adopted*, No. 3:10-CV-1484-AC, 2012 WL 1885804 (D. Or. May 23, 2012).

To avoid dismissal of claims against a public employee, then, the plaintiff must allege facts showing that the public employee acted outside the course and scope of their employment. *See Moore v. Portland Pub. Schs.*, 328 Or. App. 391, 420, 537 P.3d 544 (2023). A court may not dismiss claims against a public employee until it independently determines that the employee acted within the scope of their employment. *See Berry v. State, Dep't of Gen. Servs.*, 141 Or. App. 225, 230–32, 917 P.2d 1070 (1996).

Here, the Court finds that Plaintiff does not allege facts which allow the Court to draw the reasonable inference that Defendant McGlothin acted outside the course and scope of his employment on December 15, 2023. Instead, Plaintiff's allegations demonstrate that Defendant

11 – OPINION & ORDER

McGlothin acted within the course and scope of his employment.[1] For example, Plaintiff alleges that Defendant McGlothin was employed by Defendant Clackamas County as a Clackamas County Deputy "at all relevant times," Compl. ¶¶ 5–6; Defendant McGlothin performed a "vehicle stop" of Plaintiff and "released his K-9" on Plaintiff, *id.* ¶ 7; Defendant McGlothin's actions violated Sheriff's Office policy and the Law Enforcement Manual, *id.* ¶ 9; and Defendant Clackamas County allowed Defendant McGlothin to patrol with a K-9, *id.* ¶ 8. These allegations demonstrate that Defendant McGlothin's actions on December 15, 2023, occurred while he was working; McGlothin was motivated to serve the Clackamas County Sheriff's Office; and McGlothin's actions were of the kind he was hired to perform. *See Moore*, 328 Or. App. at 420. Accordingly, pursuant to ORS 30.265(2), Plaintiff's battery and IIED claims against Defendant McGlothin should be dismissed. *See, e.g.*, *Brooks v. Clyne*, No. 3:19-CV-02085-HZ, 2021 WL 359733, at *12 (D. Or. Jan. 31, 2021) (dismissing the plaintiff's defamation claim against the City of Newberg Director of Human Resources because the complaint did not allege she acted outside the scope of her employment). However, because Plaintiff's damages are unspecified, the Court finds that dismissal at this stage of the proceedings is inappropriate.

Under ORS 30.265(4), if the plaintiff brings an action under the Oregon Tort Claims Act alleging "damages in an amount greater than the damages allowed under ORS 30.271, 30.272 or 30.273, the action may be brought and maintained against an officer, employee or agent of a public body, whether or not the public body is also named as a defendant." ORS 30.265(4). In other words, "an officer, employee, or agent of a public body may be held personally liable [if]

---

[1] An employee acts within the scope of their employment if (1) their conduct "occurred substantially within the time and space limits authorized by the employment;" (2) the employee was "motivated, at least partially, by a purpose to serve the employer;" and (3) the act was "of a kind that the employee was hired to perform." *Moore*, 328 Or. App. at 420.

12 – OPINION & ORDER

the requested prayer for relief exceeds the damages cap allowed under ORS 30.271, 30.272 or 30.273." *Kramer v. S. Or. Univ.*, No. 1:13-CV-00340-CL, 2013 WL 4782154, at *6 (D. Or. Sept. 5, 2013); *see also Flores v. Or. Dep't of Corr.*, No. 2:22-CV-01399-SB, 2024 WL 2300771, at *5 (D. Or. May 21, 2024). Here, the relevant damages cap is ORS 30.272, which sets forth limits on the liability of local public bodies for personal injury and death.[2] As applied to the facts of this case, the damages cap is $830,300.[3] *See Tort Claims Table of Liability Limits*, Oregon Judicial Dep't[4] (setting the damages cap for personal injury actions against local public bodies by a single claimant arising between July 2023 and July 2024 at $830,300). Thus, if Plaintiff alleges damages greater than $830,300, Plaintiff may proceed against Defendant McGlothin.

But where a plaintiff's damages are unspecified, courts in this district do not substitute the public body for the public employee. *See Monson v. Oregon*, No. 6:22-CV-00604-AA, 2023 WL 6174382, at *2 (D. Or. Sept. 22, 2023) ("Courts of this District have routinely held that, absent the allegation of a specific dollar amount equal to or less than the required amount, defendants may not rely on ORS 30.265(3) to compel substitution of a public body in place of individual defendants."). For example, in *McLean v. Pine Eagle Sch. Dist., No. 61*, 194 F. Supp. 3d 1102, 1122 (D. Or. 2016), the plaintiff did not "expressly allege a specific amount of damages." The court thus declined the defendants' motion to substitute the public body for the

---

[2] The Court concludes that ORS 30.272 is the applicable provision because Defendant Clackamas County is a local public body under Oregon law. *See* ORS 30.260(6) ("'Local public body' means any public body other than the state."); ORS 174.111 ("'[S]tate government' means the executive department, the judicial department and the legislative department.").

[3] The Court concludes $830,300 is the correct value because ORS 30.272(4) provides that beginning in 2015, the State Court Administrator shall determine the liability limitation. *See* ORS 30.272(4). Moreover, the Court finds that the period between July 2023 and July 2024 is the appropriate period because Plaintiff's cause of action arose on December 15, 2023—the date of the alleged incident with Defendant McGlothin. *See* Compl. ¶ 7.

[4] Available at https://www.courts.oregon.gov/Documents/Tort-Claims-Table-of-Liability-Limits.pdf [permalink: https://perma.cc/6DS7-2KL7].

13 – OPINION & ORDER

individual defendants. *See id.* at 1123 ("Because Plaintiff does not 'allege[ ] damages in an amount equal to or less than' the statutory damage limit, Defendants cannot rely on [ORS 30.265(3)] to support their motion to substitute Pine Eagle for the individual school district-affiliated Defendants.").

Here, similarly, Plaintiff does not expressly allege a specific amount of damages. Plaintiff alleges he incurred at least $193,167.44 in past medical expenses, but that he is also entitled to damages for "future care, therapy, and loss of earning capacity" as well as "pain, suffering, emotional distress, and loss of enjoyment of life." Compl. ¶¶ 26–27. Plaintiff claims these damages will be proven at trial. *Id.* ¶ 26. Thus, because Plaintiff's damages are unspecified in the Complaint, the Court finds that Plaintiff's battery and IIED claims against Defendant McGlothin should not be dismissed; Plaintiff may maintain these claims against Defendant McGlothin at this stage of the proceedings. *See, e.g.*, *Flores*, 2024 WL 2300771, at *7 (denying the defendants' motion to dismiss state law claims because the plaintiff did not specify the amount of damages he sought); *Monson*, 2023 WL 6174382, at *2 (denying the defendants' motion to substitute a party because the plaintiff did not expressly plead a damages amount); *Achcar-Winkels v. Lake Oswego Sch. Dist.*, No. 3:15-CV-00385-YY, 2017 WL 2291338, at *10 (D. Or. May 25, 2017) (same as *Monson*).

///
///
///
///
///
///

14 – OPINION & ORDER

## CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss for Failure to State a Claim [5]. Plaintiff's *Monell* claim and Plaintiff's second and third negligence theories are dismissed with leave to amend. The Court declines to dismiss Plaintiff's first negligence theory and Plaintiff's battery and IIED claims. Plaintiff may file an Amended Complaint attempting to cure the deficiencies identified herein within fourteen (14) days of this Opinion & Order. Defendants' answer or otherwise responsive pleading is due fourteen (14) days thereafter.

IT IS SO ORDERED.

DATED this  10th  day of March, 2026.

                                                                                              _____
                                                                                              AMY M. BAGGIO
                                                                                              United States District Judge